Argued and submitted April 15, reversed and remanded for reconsideration August 5, 1998

In the Matter of the Compensation of
Gerald A. Glenn, Claimant.

ROSEBURG FOREST PRODUCTS,
*Petitioner,*

*v.*

Gerald A. GLENN,
*Respondent.*

(WCB 96-01649; CA A98734)

963 P2d 752

Charles E. Bolen argued the cause for petitioner. On the brief were Cynthia A. Wiens and Cowling, Heysell, Plouse & Ingalls.

Scott McNutt, Sr., argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Wollheim, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Employer seeks review of an Order on Reconsideration of the Workers' Compensation Board affirming an order of an administrative law judge (ALJ) holding that claimant established the compensability of a low back strain and disc herniation. Employer asserts on review that the Board erred in its treatment of two pieces of documentary evidence and that the order is not supported by substantial evidence. Because we agree with employer that the Board committed legal errors in its weighing of the evidence, we reverse the Board's order and remand the case for reconsideration.

■ Claimant sought compensation for an alleged work-related injury to his back, contending that a November 1995 incident caused strain and herniation at L4-5. During employer's investigation of the claim, claimant was examined by Dr. Farris, a neurologist. On February 9, 1996, after receiving Farris' extensive report, employer denied the claim, stating:

"We are unable to confirm the occurrence of your injury. If it did occur, we are unable to confirm that it contributes to the conditions or problems of which you have complained."

On February 26, 1996, employer's attorney spoke with Farris about her report. The next day, employer's attorney sent a letter to Farris documenting the conversation and stating, in part:

"You indicated that this was a purely historical diagnosis and the attribution of the diagnosis to the work activity and/or injury claimed on 11/29/95 was based solely on [claimant's] history. *More specifically, there was no objective evidence of injury, at the time of your exam, and your review of the medical records generally failed to delineate any such objective indicia of injury.*" (Emphasis supplied.)

The letter asked for Farris to acknowledge in writing the medical opinions stated in it:

"If the foregoing accurately summarizes our conversation and appropriately reflects the opinions you expressed therein, I would ask that you so signify, either by affixing your signature on the space provided below and by returning a copy of this letter, so noted, to this office, or, if you

are more comfortable doing so, by dictating a letter report, covering the matters which we discussed. As a third alternative, if you find that this is a generally accurate rendition of our conversation, but feel the need for additional or corrective commentary, I would invite you to provide such, either by interlineation or in the space provided below, before signing and returning this letter, as edited."

Farris signed the letter, unedited, under the pretyped line "I concur." Employer contends that the signature reflects Farris' concurrence in the letter's statement that there were no objective findings of injury and thereby supports employer's view that claimant did not experience a compensable injury.

The ALJ's order, affirmed by the Board without opinion, said in a footnote:

"I attach little probative weight to the February 27, 1996 narrative report prepared by the employer's counsel, which Farris concurred with by way of her signature. The document was plainly prepared solely for the purposes of litigation."

Employer asserts that the ALJ's stated reason for discounting the letter was incorrect as a matter of law.

■ Assuming that the ALJ was correct that Farris' medical opinion was prepared in anticipation of litigation, it erred in rejecting the opinion on that basis. As we and the Board have said, the persuasiveness of a medical opinion depends not on the form in which the opinion is given, but on the completeness and thoroughness of its factual basis and the force of its reasoning. See *Somers v. SAIF*, 77 Or App 259, 263, 712 P2d 179 (1986); *Terry Myers*, 48 Van Natta 1039 (1996); *Marta I. Gomez*, 46 Van Natta 1654 (1993). Because of practical constraints of time and money, a medical opinion may be articulated or summarized by someone other than the doctor, with the doctor's adoption or concurrence. Such an opinion is to be evaluated on the same terms as a report prepared by the doctor. An opinion that lacks explanation or foundation may be discounted, but not for the reason that it is expressed as an adoption or concurrence. Although there is a possibility that employer's attorney prepared the letter summarizing the doctor's opinion in anticipation of litigation, that is not a

basis for giving "little weight" to the medical opinion contained therein. To the extent that that was the basis for the Board's discounting of Farris' opinion, it erred.

■       Employer also challenges the Board's seemingly inconsistent treatment of two medical reports supporting compensability. In April and May 1995, before the date of the injury giving rise to the claim at issue here, claimant saw Dr. Brazer, complaining about low back pain and slight numbness and tingling in the right leg that claimant attributed to a work incident in March 1995. Brazer's report of May 15, 1995, said that claimant

> "[r]eports that injury occurred approximately the 18th of March 1995. Reports at that time he was moving a piece of wood with sudden onset of discomfort."

Brazer diagnosed "mechanical low back strain" and prescribed medication and physical therapy. The symptoms resolved after physical therapy.

Later, the medical opinions of Drs. Keizer and Davis, relied on by claimant here, expressed the view that the November 1995 incident caused claimant to experience a strain and a herniation of the disc at L4-5. The Board discounted Keizer's opinion, saying that the report shows that Keizer was unaware of claimant's prior low back pain, "which detracts from the weight of his opinion." Employer argues that Davis' opinion is similarly flawed. In his report, Davis said that claimant had "no history of injury to the back, just some pulled muscles approximately one year ago, treated by [physical therapy]." Thus, although Davis was aware that claimant had had a back problem in April and May of 1995, his report shows that he was not aware of the March 1995 work-related incident to which claimant attributed it. Accordingly, employer is correct that Davis' opinion suffers the same defect as Keizer's. Both doctors were unaware of claimant's March 1995 injury as reported by Brazer. On remand, the Board should reconsider the medical record, giving appropriate attention to the matters addressed herein.

Reversed and remanded for reconsideration.